**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Todd Eugene Smith, Appellant.

Appellate Case No. 2011-198487

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2013-UP-237
Heard April 4, 2013 – Filed June 5, 2013

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia, for Respondent.

**PER CURIAM:** Todd Eugene Smith appeals his conviction of strong armed
robbery, arguing the trial court erred in refusing to suppress an in-court
identification from the victim. We affirm pursuant to Rule 220(b), SCACR, and

the following authorities: *Perry v. New Hampshire*, ___ U.S. ___, 132 S.Ct. 716, 724-25 (2012) (holding reliability of the identification by the eyewitness is the linchpin of an evaluation of whether improper police conduct created a substantial likelihood of misidentification and if the indicators of a witness's ability to make an accurate identification are not outweighed by the corrupting effect of a suggestive procedure, the evidence should be submitted to the jury); *State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 426 (2012) (noting factors to be considered in assessing the reliability of an otherwise unduly suggestive identification procedure under the totality of the circumstances include: (1) the witness's opportunity to view the perpetrator at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation); *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 448 (2000) (holding, even though one-on-one show-ups have been sharply criticized and are considered inherently suggestive, the identification need not be excluded as long as, under all the circumstances, the identification was reliable notwithstanding any suggestive procedure); *State v. Brown*, 356 S.C. 496, 503-04, 589 S.E.2d 781, 785 (Ct. App. 2003) (noting a show-up identification procedure may be proper "where it occurs shortly after the alleged crime, near the scene of the crime, as the witness's memory is still fresh, and the suspect has not had time to alter his looks or dispose of evidence, and the show-up may expedite the release of innocent suspects, and enable the police to determine whether to continue searching.  The closer in time and place to the scene of the crime, the less objectionable is a show-up." (citations omitted)); *id.* (noting "[a] show-up may be proper even though the police refer to the suspect as a suspect, and even though the suspect is handcuffed or is in the presence of the police").

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**